DECISION AND JOURNAL ENTRY
Defendant, Kevin Pryce, has appealed from a judgment of the Summit County Common Pleas Court that adjudicated him a sexual predator. This Court affirms.
 I.
On May 21, 1990, Defendant was sentenced to prison after pleading guilty to one count of sexual battery, in violation of former R.C. 2907.03, and one count of gross sexual imposition, in violation of former R.C. 2907.05. Pursuant to R.C. 2950.09(C), the Ohio Department of Rehabilitation and Correction recommended that Defendant be adjudicated a sexual predator. On November 1, 1999, the trial court held a sexual predator hearing. On November 5, 1999, the trial court adjudicated Defendant a sexual predator. Defendant timely appealed that determination, raising two assignments of error.
 II. A. The judgment that [Defendant] is a sexual predator was against the manifest weight of the evidence.
 Although Defendant cites the manifest weight standard in his brief, the crux of his argument is that the sexual predator determination is not supported by sufficient evidence. An analysis of the weight of the evidence will dispose of both issues in this case.
"[E]valuations of the sufficiency of the evidence put forth by the state and the weight of the evidence adduced at trial are separate and legally distinct determinations." State v. Gulley
(March 15, 2000), Summit App. No. 19600, unreported at 3. To determine whether a conviction is against the manifest weight of the evidence:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
 State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175; see, also, State v. Otten (1986), 33 Ohio App.3d 339, 340. A new trial is warranted only in the exceptional case where the evidence weighs heavily in favor of the defendant. Otten, 33 Ohio App.3d at 340.
To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus; see, also, Thompkins, 78 Ohio St.3d at 386
("`[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law"). "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported at 4.
R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Pursuant to R.C. 2950.01(G)(3), an offender is "adjudicated as being a sexual predator" if:
 [p]rior to January 1, 1997, the offender was convicted of or pleaded guilty to, and was sentenced for, a sexually oriented offense, the offender is imprisoned in a state correctional institution on or after January 1, 1997, and, prior to the offender's release from imprisonment, the court determines pursuant to division (C) of section 2950.09 of the Revised Code that the offender is a sexual predator.
 Because Defendant was sentenced prior to the effective date of this section and remained imprisoned after the effective date of this section, the trial court was required to proceed under division (C) of R.C. 2950.09.
R.C. 2950.09(C)(1) requires the department of rehabilitation and correction to determine whether to recommend that an offender be adjudicated to be a sexual predator and to submit that recommendation to the trial court that sentenced the offender. R.C. 2950.09(C)(2) authorizes the trial court to hold a hearing as described in R.C. 2950.09(B)(1) to determine whether the offender is a sexual predator.
The factors that a trial court must consider when making its sexual predator determination include: (1) the offender's age; (2) the offender's prior criminal record; (3) the age of the victim; (4) whether the sexually oriented offense for which sentence was imposed involved multiple victims; (5) whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting; (6) whether the offender has completed his sentence for any prior criminal conviction or, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the nature of the offender's conduct and whether that conduct was part of a demonstrated pattern of abuse; (9) whether the offender displayed cruelty or made one or more threats of cruelty during the commission of the crime; and (10) any additional behavioral characteristics that contributed to the offender's conduct. See R.C. 2950.09(B)(2). The State is not required to demonstrate every factor in R.C. 2950.09(B)(2) before a defendant can be adjudicated a sexual predator. State v. Smith
(June 2, 1999), Summit App. No. 18622, unreported, at 5. Sexual battery and gross sexual imposition are sexually oriented offenses. R.C. 2950.01(D)(1). The only issue, therefore, is whether there was clear and convincing evidence that Defendant was likely to engage in the future in a sexually oriented offense.
No testimony was presented at the sexual predator hearing; however, the parties stipulated to the facts contained in the pre-sentence investigation report. A review of the report reveals that the two victims in this case were Defendant's niece and nephew, ages five and eight respectively. Defendant's sister caught him in the act with his niece, and his nephew gave a very detailed drawing of what Defendant did to him. The incidents occurred approximately two years apart.
The report notes that Defendant denied the accusations of abuse and that he only pleaded guilty to the charges to avoid further court proceedings and to receive a lesser sentence. Further, the report refers to other alleged incidents of abuse. There were allegations that he sexually abused four nephews while living in Virginia and allegations that he sexually abused another girl in the neighborhood.
After reviewing the record, this Court cannot conclude that the trial court clearly lost its way when it adjudicated Defendant as a sexual predator. As such, Defendant's assertion that the trial court's determination was against the manifest weight of the evidence is without merit. Defendant's assertion that the State failed to present sufficient evidence to support the trial court's determination is also without merit. Accordingly, Defendant's first assignment of error is overruled.
 B. Ohio's sexual predator law violates Section 1, Article 1
of the Ohio Constitution.
 In his second assignment of error, Defendant has asserted that R.C. Chapter 2950 violates Section 1, Article I
of the Ohio Constitution. In support of his assertion that the sexual predator legislation is unconstitutional pursuant to Section 1, Article I of the Ohio Constitution, he has relied on State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, 1999 Ohio App. LEXIS 217. In Williams, the Eleventh District Court of Appeals held that R.C. Chapter 2950 violated Section 1 Article I of the Ohio Constitution. Id. at *32.
On January 12, 2000, the Ohio Supreme Court determined that R.C. Chapter 2950 does not violate the rights enumerated in Section 1, Article 1 of the Ohio Constitution. State v. Williams
(2000), 88 Ohio St.3d 513, 527. As a result, the Court specifically overruled State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, 1999 Ohio App. LEXIS 217.Williams, 88 Ohio St.3d at 534. Accordingly, Defendant's second assignment of error is overruled.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ________________ BETH WHITMORE
BATCHELDER, P.J., BAIRD, J., CONCUR.